**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY SHAUN BAGBY, a/k/a Jeffrey
Sjawn Bagby, a/k/a Jeffrey Shawn Bagby,

    Defendant - Appellant.

No. 20-5036
(D.C. No. 4:10-CR-00134-CVE-1)
(N.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Jeffrey Shaun Bagby brings this appeal seeking reversal

of the district court's ruling that he is ineligible for a sentence reduction pursuant to

18 U.S.C. § 3582(c)(1)(B) and § 404(a) of the First Step Act of 2018. Because the

government now concedes Mr. Bagby is eligible for First Step Act relief, we reverse

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court's ruling and remand for the district court to decide whether to exercise its discretion to grant a sentencing reduction.

## I. BACKGROUND

### A. *Procedural Background Before Mr. Bagby's First Step Act Motion*

On September 7, 2010, a grand jury in the Northern District of Oklahoma charged Mr. Bagby with possessing 50 grams or more of a mixture or substance containing a detectable amount of cocaine base—also known as "crack cocaine"—with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii). This charge was for conduct that occurred on or about April 16, 2010. On December 23, 2010, a jury convicted Mr. Bagby of this charge (and acquitted him of another charge not relevant here). The special verdict form also instructed the jury to specify the amount of cocaine base Mr. Bagby possessed; the jury found he possessed 342.88 grams.

A defendant charged under § 841(b)(1)(A) with two or more prior felony drug convictions faces mandatory life imprisonment, and Mr. Bagby had three such former convictions. Accordingly, on April 13, 2011, the district court sentenced Mr. Bagby to the required term of life imprisonment. On direct appeal, this court affirmed Mr. Bagby's conviction and life sentence. *United States v. Bagby*, 696 F.3d 1074, 1089 (10th Cir. 2012).

### B. *Fair Sentencing Act of 2010 and First Step Act of 2018*

On August 3, 2010, Congress passed the Fair Sentencing Act of 2010. PL 111-220, 124 Stat. 2372. Section 2 of the Act increased the quantities of cocaine base

2

required to trigger the statutory sentences set forth under § 841(b)(1)(A) and (b)(1)(B). It raised from 50 grams to 280 grams the threshold quantity of cocaine base required to trigger mandatory life imprisonment under § 841(b)(1)(A), for defendants with two or more prior felony drug convictions. *Id.* at § 2, 124 Stat. at 2372. And it increased from 5 grams to 28 grams the threshold quantity of cocaine base required to trigger the penalties of § 841(b)(1)(B). *Id.* An offense involving at least 28 grams but fewer than 280 grams of cocaine base now carries a ten-year mandatory minimum and a maximum term of life imprisonment, if committed after a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(B). The Fair Sentencing Act of 2010 did not become effective until after Mr. Bagby committed the offense in question.

In 2018, Congress enacted the First Step Act. Among other reforms, the First Step Act allows district courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. It defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222. In other words, the First Step Act renders retroactive certain sentencing changes Congress had earlier enacted in the Fair Sentencing Act.

### C. Mr. Bagby's First Step Act Motion

On December 4, 2019, Mr. Bagby filed a motion for a sentence reduction under the First Step Act. He argued his offense of conviction—possession of 50 grams or more of cocaine base—would no longer qualify for the penalties set forth under § 841(b)(1)(A). Rather, after applying the Fair Sentencing Act, the controlling provision would be § 841(b)(1)(B), which applies to offenses for possession of cocaine base involving at least 28 grams but fewer than 280 grams. Under § 841(b)(1)(B), and taking into account his prior felony drug convictions, Mr. Bagby's applicable statutory sentencing range would be ten years to life, rather than the mandatory life imprisonment term he had received. Accordingly, he argued his conviction was a covered offense under the First Step Act because it was committed before August 3, 2010 and the statutory penalties in § 841 were modified by section 2 of the Fair Sentencing Act.

The government argued before the district court that Mr. Bagby was ineligible for First Step Act relief. It argued the Fair Sentencing Act did not modify the penalties for Mr. Bagby's violation because both before and after the Fair Sentencing Act went into effect, a "defendant, like [Mr.] Bagby, who possessed at least 280 grams of crack and had been previously convicted of two felony offenses, still faced an enhanced sentence of mandatory life imprisonment under § 841(b)(1)(A)." ROA at 223.

In short, Mr. Bagby focused on his offense of conviction—i.e., possession of 50 grams or more of cocaine base—and the government focused on the facts found

4

by the jury—i.e., possession of 342.88 grams of cocaine base. The government argued in the alternative that even if Mr. Bagby were eligible for First Step Act relief, the district court should exercise its discretion to deny his motion.

### D. District Court's Ruling

The district court agreed with the government that Mr. Bagby was ineligible for a sentence reduction under the First Step Act and thus did not reach the government's alternative argument. The court reasoned "it is clear that the drug quantity exceeds 280 grams and the First Step Act has no effect on [Mr. Bagby's] sentence." ROA at 249. The court elaborated:

> [Mr. Bagby] would have a colorable argument for resentencing if he had pled guilty to count one and admitted to an unspecified drug quantity of more than 50 grams of cocaine base. However, [Mr. Bagby] exercised his right to a jury trial and the jury was asked to determine the drug quantity. The jury decided that [Mr. Bagby] possessed 342.88 grams of cocaine base, and this amount was used to determine the relevant statutory mandatory minimum and maximum sentences. This quantity exceeds the increased quantity of 280 grams provided in the Fair Sentencing Act, and the Court would still be required to impose a mandatory life sentence under § 841(b)(1)(A)(iii) even if [Mr. Bagby] were resentenced today. [Mr. Bagby's] motion for relief under the First Step Act wholly ignores the jury's finding as [to] drug quantity, and he has not made a threshold showing that he is entitled to relief under the First Step Act.

*Id.*

## II.     DISCUSSION

As indicated above, the First Step Act authorizes district courts to consider imposing a reduced sentence for a defendant who was convicted of a "covered offense," which is defined as "a violation of a Federal criminal statute, the statutory

penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010" and "that was committed before August 3, 2010." First Step Act of 2018 § 404, Pub. L. 115-391, 132 Stat. 5194, 5222 (2018). Before the district court, the government argued Mr. Bagby's offense is not "covered" under § 404 of the First Step Act because the jury found he possessed with intent to distribute more than 280 grams of cocaine base. The government abandons this argument on appeal, however, stating "[e]very Court of Appeals to consider this argument has rejected it." Aple Br. at 9 (collecting cases). In other words, the government now agrees with Mr. Bagby that eligibility for First Step Act relief is based on the statute under which a defendant was convicted, not the defendant's actual conduct.

The parties thus agree that Mr. Bagby's offense of conviction is "covered," as that term is defined in the First Step Act, and that he is eligible for First Step Act relief. *See* Aple. Br. at 7 ("Because the [government] now agrees that the First Step Act applies to any defendant convicted of an offense for which sections 2 and 3 of the Fair Sentencing Act modified the statutory penalties, this [c]ourt should find that Mr. Bagby is eligible for First Step Act relief, and remand to allow the district court to exercise its discretion to decide whether to grant that relief."). In light of the government's concession, we reverse the district court's ruling concluding Mr. Bagby is ineligible for First Step Act relief and remand for the district court to decide whether to grant or deny Mr. Bagby's request for a sentence reduction.

On remand, the district court has "broad discretion to grant or deny the motion." *United States v. Mannie*, 971 F.3d 1145, 1155 (10th Cir. 2020) ("[T]he

[First Step Act] itself states that '[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section.'" (quoting First Step Act of 2018 § 404(c)) (alteration in original)). Further, although the government concedes Mr. Bagby's eligibility for First Step Act relief does not turn on the actual quantity of cocaine base found by the jury, it does not concede relief should be granted, and the district court may take the actual quantity into account when evaluating Mr. Bagby's motion. *See United States v. Jones*, 962 F.3d 1290, 1301 (11th Cir. 2020) ("Although we reject the argument that a movant's covered offense is determined by the actual quantity of crack cocaine involved in his violation, . . .[t]he actual quantity of crack cocaine involved in a violation is a key factor for a sentence modification just as it is when a district court imposes a sentence." (citing 18 U.S.C. § 3553(a)(1))).

## III.     CONCLUSION

For the reasons stated, we **REVERSE** the district court's ruling finding Mr. Bagby ineligible for First Step Act relief, and we **REMAND** to the district court for further proceedings consistent with this order and judgment.

Entered for the Court


Carolyn B. McHugh
Circuit Judge